NO. 15-4199

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff/appellee,*

v.

KEVIN BROWN,

*Defendant/appellant.*
_____

On Appeal from the United States District Court
For the District of South Carolina
_____

OPENING BRIEF OF THE APPELLANT
KEVIN BROWN
_____

AMY K. RAFFALDT, ESQ.
1341 44th AVENUE NORTH
SUITE 205
MYRTLE BEACH, SC 29577
PH: 843-839-2900
FAX: 843-839-2913
EMAIL: akr@themacefirm.com

_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF JURISDICTION ...................................................... 1

STATEMENT OF ISSUES ................................................................. 2

STATEMENT OF THE CASE ............................................................ 3

SUMMARY OF THE ARGUMENT ..................................................... 6

ARGUMENT ................................................................................... 7

Standard of Review ......................................................................... 7

I.      Brown questions whether his guilty plea was valid under Rule 11
        of the Federal Rules of Criminal Procedure and whether his appellate
        waiver was knowingly and intelligently made ................................. 8

        A.      Discussion of the issue of whether the district court complied
                with Rule 11 when accepting Brown's guilty plea .............................. 8

        B.      Discussion of the issue of whether Brown's appellate waiver
                was knowingly and intelligently waived ............................................ 11

II.     Brown was improperly classified as a career offender under the
        Guidelines because his prior convictions should have been
        classified as relevant conduct under U.S.S.G. § 1B1.3 ................................. 14

III.    Brown questions the reasonableness of the sentence imposed by the
        district court ................................................................................... 16

        A.      Brown's sentence was procedurally reasonable ................................. 17

        B.      Brown's sentence was substantively reasonable ................................ 20

CONCLUSION .................................................................................. 21

i

CERTIFICATE OF COMPLIANCE ........................................................................23

CERTIFICATE OF SERVICE ...............................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California,*
    386 U.S. 738 (1967)..............................................................................3, 7, 21

*Gall v. United States,*
    552 U.S. 38 (2007).............................................................16, 17, 18, 20

*Rita v. United States,*
    551 U.S. 338 (2007)..............................................................................17

*United States v. Abu Ali,*
    528 F.3d 210 (4th Cir. 2008), *cert. denied,* 555 U.S. 1170 (2009) ..............21

*United States v. Blick,*
    408 F.3d 162 (4th Cir. 2005) ........................................................11

*United States v. Booker,*
    543 U.S. 220 (2005)...........................................................................16

*United States v. Carter,*
    564 F.3d 325 (4th Cir. 2009) ...............................................18, 20

*United States v. Cohen,*
    459 F.3d 490 (4th Cir. 2006) ........................................................11

*United States v. Davis,*
    954 F.2d 182 (4th Cir. 1992) ........................................................12

*United States v. Evans,*
    526 F.3d 155 (4th Cir. 2008) ........................................................20

*United States v. General,*
    278 F.3d 389 (4th Cir. 2002), *cert. denied,* 536 U.S. 950 (2002).................12

*United States v. Good,*
    25 F.3d 218 (4th Cir. 1994) ...........................................................8

*United States v. Green*,
    436 F.3d 449 (4th Cir. 2006) ........................................................................ 16

*United States v. Hughes*,
    401 F.3d 540 (4th Cir. 2005) ........................................................................ 16

*United States v. Johnson*,
    410 F.3d 137 (4th Cir. 2005) ........................................................................ 12

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ........................................................................ 17

*United States v. Marin*,
    961 F.2d 493 (4th Cir. 1992) .................................................................... 8, 12

*United States v. Martinez,*
    277 F.3d 517 (4th Cir. 2002) .......................................................................... 8

*United States v. Mendoza-Mendoza,*
    597 F.3d 212 (4th Cir. 2010) ........................................................................ 17

*United States v. Montes-Pineda,*
    445 F.3d 375 (4th Cir. 2006) ........................................................................ 20

*United States v. Morace,*
    594 F.3d 340 (4th Cir. 2010) ........................................................................ 20

*United States v. Olano,*
    507 U.S. 725 (1993) ........................................................................................ 8

*United States v. Sun,*
    278 F.3d 302 (4th Cir. 2002) ........................................................................ 17

*United States v. Wessells,*
    936 F.2d 165 (4th Cir. 1991) ........................................................................ 12

*United States v. Wiggins,*
    905 F.2d 51 (4th Cir. 1990) .......................................................................... 11

*United States v. Young,*
    609 F.3d 348 (4th Cir. 2010) .......................................................................16

**Rules, Statutes, and Other Authorities**

18 U.S.C. § 3231 ..............................................................................................1

18 U.S.C. § 3742 ..............................................................................................1

18 U.S.C. § 3553(a) ...............................................................................9, 17, 18

21 U.S.C. § 841(a)(1) .......................................................................................1

21 U.S.C § 841(b)(1)(A) ...................................................................................1

21 U.S.C § 846.............................................................................................1, 4

28 U.S.C. § 1291 ..............................................................................................1

Fed. R. Crim. P. 11..................................................................................8, 9, 10

U.S.S.G. § 1B1.3(a) ...................................................................................15, 16

U.S.S.G. § 4A1.2.............................................................................................15

U.S.S.G. § 4B1.1(b) ........................................................................................14

U.S.S.G. Ch. 5, Pt. A..............................................................................19, 20, 21

## STATEMENT OF JURISDICTION

This is a criminal case. Kevin Brown was prosecuted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D) and 846 for conspiracy to possess with intent to distribute cocaine base, cocaine and marijuana. The United States District Court for the District of South Carolina had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the appellant was charged with an offense against the laws of the United States.

The appeal is from the final judgment. The Fourth Circuit Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, which give the Courts of Appeals jurisdiction over all final decisions and sentences of the District Courts of the United States. The District Court imposed sentence on November 20, 2014. Final judgment was entered on November 24, 2014. A notice of appeal was filed on April 1, 2015.

## STATEMENT OF THE ISSUES

Appellate counsel submits an *Anders Brief* on the following issues:

1. Whether Brown's guilty plea was valid and the waiver of his appellate rights knowingly and voluntarily made.

2. Whether Brown was improperly classified as a career offender under the Guidelines when his prior convictions should have been classified as relevant conduct under U.S.S.G. § 1B1.3.

3. Whether Brown's sentence is reasonable.

## STATEMENT OF THE CASE

The appellant was the defendant in the district court and will be referred to by name or as the appellant. The appellee, United States of America, will be referred to as the government. Counsel has reviewed the record in this case and has found no error. Counsel files this brief in compliance with *Anders v. California*, 386 U.S. 738 (1967).

On September 24, 2013, a single-count Indictment was filed with the District Court of the United States for the District of South Carolina against appellant, Kevin Brown, one of eight defendants. (PSR ¶ 1.) This case was initiated by the Drug Enforcement Agency and local law enforcement agencies who were investigating a possible drug conspiracy in South Carolina. (PSR ¶ 6.) Brown was identified as a part of a group responsible for drug distribution in Chesterfield County, South Carolina. (PSR ¶ 2, 6.) Law enforcement stopped a vehicle in which Brown was a passenger on December 28, 2012. (PSR ¶ 13.) Brown was held accountable for 1.4 grams of cocaine that was allegedly found on his person during the search. (*Id.*) Additionally, several individuals provided statements to law enforcement that Brown sold quantities of cocaine and cocaine base. (PSR ¶ 7-12, 15-17.)

Brown pled guilty to the lesser-included offense contained in Count I, charging that beginning around 1995, and up to the date of the Indictment, the

defendant knowingly and willfully did combine, conspire, and agree with his co-defendants and others to knowingly, willfully and unlawfully possess with intent to distribute and to distribute a quantity of cocaine in violation of 21 U.S.C. § 846. (Plea Agreement 1, Sen. Tr. 25-26.) A plea hearing was held on August 28, 2014 and the court placed Brown under oath and informed him that any statement he gave under oath could be used against him. (Plea Tr. 3.) The court informed Brown of the right to plead not guilty, the right to have a jury trial, and the right to be represented by counsel. (*Id*. at 12.) The court also informed Brown of the rights associated with having a trial such as the right to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses. (*Id.* at 12-14.) The court ensured that Brown understood he would be waiving the right to a jury trial and all of the rights associated with a jury trial if the court accepted his guilty plea. (*Id*. at 14.) The court informed Brown of the nature of the charges to which he was pleading guilty and of the mandatory and maximum possible penalties associated with imprisonment, fines and supervised release. (*Id.* at 19.) The court further informed Brown of the court's obligation to apply the Sentencing Guidelines as advisory, and the court's discretion to depart from the guidelines in some circumstances. (*Id.* at 8-10.) Brown also waived his right to appeal his sentence. (*Id.* at 21, 24.) Provided that the parties abided by the terms of the Plea Agreement, Brown was to receive a stipulated sentence of 108

4

months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Plea Agreement 6, Plea Tr. 21.)

A sentencing hearing was held on November 20, 2014.  (Sen. Tr. 1.) According to the presentence investigation report, Brown was held accountable for 175 grams of cocaine and 175.1 grams of cocaine base.  (PSR ¶ 18.)  The drugs were converted into marijuana quantities, totaling 660.28 kilograms of marijuana and established a base offense level of 28.  (*Id.*)  Brown's prior conduct established a criminal history score of 13, subjecting him to a criminal history category of VI. Brown was classified as a career offender pursuant to U.S.S.G. § 4B1.1(b), altering his base offense level from 28 to 32.  (PSR ¶ 52.)  Brown received a three-level reduction for his acceptance of responsibility.  (PSR ¶ 54-55.)   Brown's total offense level was 29.  (PSR ¶ 56.)  His range under the United States Sentencing Guidelines was 151 to 188 months.  (Sen. Tr. 4.)

The district court accepted the stipulated sentence referenced in the Plea Agreement and Brown was sentenced to 108 months and three years supervised release.  (Sen. Tr. 7.)  This appeal follows.

## SUMMARY OF THE ARGUMENT

First, Brown questions whether his guilty plea is valid because the district court failed to fully comply with Rule 11 of the Federal Rules of Criminal Procedure.  As indicated in the record, the court notified Brown during the Plea Hearing on August 28, 2014 of his rights and the consequences of entering into a guilty plea.  The plea agreement was presented in open court and Brown agreed to the terms of the agreement at the hearing.  Therefore, the district court did not err when it accepted Brown's guilty plea.

Second, Brown questions whether his appellate waiver is valid.    To determine whether an appellate waiver is knowingly and intelligently made and thus effective, the Fourth Circuit reviews the "totality of the circumstances" of the case.  During the plea hearing, the district court informed Brown that he would be waiving his appellate rights.  Brown indicated that he understood he would be waiving his appellate rights and therefore, the waiver is enforceable.

Third, Brown questions the reasonableness of his sentence and whether he was properly classified as a career offender pursuant to U.S.S.G § 4B1.1(b).  Brown asserts that his three prior drug convictions were part of the instant offense and as a result, satisfied the requirements of relevant conduct and should not have been used as predicate offenses to qualify him as a career offender.  However, this argument was not raised in the district court as Brown received a stipulated

6

sentence of 108 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The record also indicates that Brown was sentenced below the appropriate Guidelines range. The district court also considered all relevant factors when determining Brown's sentence, indicating that the sentence was both procedurally and substantively reasonable. Therefore, Brown's sentence was reasonable.

## ARGUMENT

### Standard of Review

The standard of review of an *Anders* submission is a *de novo* review of the entire record and all pertinent documents to determine whether the case is wholly frivolous. *Anders v. California*, 386 U.S. 738 (1967).

### DISCUSSION OF ISSUES

Undersigned counsel has determined, after a careful examination of the record in this case, that Mr. Brown has no meritorious grounds for direct appeal. Counsel has set forth below the only issues that she believes present any arguable basis for relief. Although undersigned counsel has designated this as an *Anders* brief, counsel hopes to preserve any arguments Brown may have upon the Court's review of the entire file.

**I.** **Brown questions whether his guilty plea was valid under Rule 11 of the Federal Rules of Criminal Procedure and whether his appellate waiver was knowingly and intelligently made.**

Generally, the standard of review as to whether the district court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure is *de novo*. *United States v. Good*, 25 F.3d 218, 219 (4th Cir. 1994). Rule 11 provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Rule 11 violations are reviewed for plain error when there has been no attempt to withdraw a defendant's guilty plea. *United States v. Martinez*, 277 F.3d 517, 524 (4th Cir. 2002). To meet the plain error standard, appellant must show that there was (1) error; (2) that it was plain; and (3) affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Whether an appellate waiver is valid is a question of law and therefore, the standard of review is *de novo*. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

**A.** **Discussion of the issue of whether the district court complied with Rule 11 when accepting Brown's guilty plea.**

Rule 11(b)(1) of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must address each defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(A)  the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B)  the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C)  the right to a jury trial;

(D)  the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

(E)  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F)  the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G)  the nature of each charge to which the defendant is pleading;

(H)  any maximum possible penalty, including imprisonment fine, and term of supervised release;

(I)  any mandatory minimum penalty;

(J)  any applicable forfeiture;

(K)  the court's authority to order restitution;

(L)  the court's obligation to impose a special assessment;

(M)  in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

    (N)   the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

    (O)   that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

*See* Fed. R. Crim. P. 11(b)(1). During this process, the court must determine if the plea is voluntary and make sure that the plea "did not result from force, threats, or promises (other than promises in a plea-agreement)." Fed. R. Crim. P. 11(b)(2). Further, the court has to determine that there is a factual basis for the plea before entering judgment. Fed. R. Crim. P. 11(b)(3). Also, the parties must disclose the plea agreement in open court when the plea is offered unless the court allows the parties to disclose the plea agreement *in camera*. Fed. R. Crim. P. 11(c)(2).

In this case, a plea hearing was held on August 28, 2014 and the court placed Brown under oath and informed him that any statement he gave under oath could be used against him. (Plea Tr. 3-4.) The court informed Brown of the right to plead not guilty, the right to have a jury trial, and the right to be represented by counsel. (*Id.* at 12.) The court also informed Brown of the rights associated with having a trial such as the right to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses. (*Id.* at 12-14.) The court ensured that Brown understood he would be waiving the right to a jury trial and all of the rights associated with a jury trial if the court accepted his

guilty plea. (*Id.* at 14.) The court informed Brown of the nature of the charges to which he was pleading guilty and of the mandatory and maximum possible penalties associated with imprisonment, fines, and supervised release. (*Id.* at 19.) The court further informed Brown of the court's obligation to apply the Sentencing Guidelines as advisory, and the court's discretion to depart from the guidelines in some circumstances. (*Id.* at 8-10.)

The parties disclosed the terms of the plea agreement in open court. (*Id.* at 19-22.) Before entering judgment, the court determined that there was a factual basis for the plea. (*Id.* at 24-26.) The court found that Brown's guilty plea was knowing and voluntary, was made with full knowledge of all the consequences that could result from the plea, and that it did not result from force, threats or promises. (*Id.* at 15, 26.) Therefore, it appears from a review of the record that the district court fully complied with Rule 11 when the court accepted Brown's guilty plea.

**B.    Discussion of the issue of whether Brown's appellate waiver was knowingly and intelligently made.**

It is well established that a defendant may waive the right to appeal in a valid plea agreement. 18 U.S.C § 3742; *see United States v. Cohen*, 459 F.3d 490, 493-95 (4th Cir. 2006); *United States v Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver of appellate rights is valid if the appellant knowingly and intelligently agreed to waive his right to appeal. *United States v Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether an appellate waiver is in fact knowingly and

intelligently made and thus effective, the Fourth Circuit reviews the "totality of the circumstances" of the case. *United States v. General*, 278 F.3d 389, 400-01 (4th Cir. 2002), *cert. denied*, 536 U.S. 950 (2002). When making this determination, the Court examines the "experience and conduct" of a defendant and also the defendant's education and familiarity with the conditions and terms of the plea agreement. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992).

Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). An appellate waiver is not effective "if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." *Marin*, 961 F.2d at 496. For example, in *United States v. Wessells*, 936 F.2d 165, 168 (4th Cir. 1991), the district court did not specifically question the defendant about the waiver provision in his plea agreement and the defendant also did not give any indication that he understood the parameters of the waiver. The Fourth Circuit held that he did not waive his right to appeal his sentencing. *Id.*

12

In the present case, the appellate waiver was clearly and unambiguously included in the plea agreement. (Plea Agreement ¶ 10.) Specifically, the appellate waiver stated

> [t]he Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

(*Id.*) At the time of the change of plea hearing, Brown was 38 years old with a tenth grade education. (PSR ¶ 71.) Brown indicated that he understood the proceedings and the advisory Sentencing Guidelines. (Plea Tr. 8-11.) During the hearing, when asked if he understood the charges to which he was pleading guilty, Brown answered in the affirmative. (*Id.* at 15-16.) The district court advised Brown that if it accepted the plea agreement, then he would be waiving his right to appeal. (*Id.* at 23-24.) The district court asked Brown,

> Now, at paragraph 10 of your plea agreement, it indicates that you are giving up certain important rights that you would normally have, such as the right to file an appeal or what we call a post-conviction claim or action or a Section 2255 claim. You are giving up those rights. You normally would have those, but you are giving those up as explained in paragraph 10. Do you understand that?

13

(Sen. Tr. 23-24.)  He informed the court that he did.  (Sen. Tr. 24.)  Given the foregoing, Brown's waiver of appeal provision in his plea agreement was knowingly and intelligently entered into and, therefore, is valid and enforceable.

## II.  Brown was improperly classified as a career offender under the Guidelines because his prior convictions should have been classified as relevant conduct under U.S.S.G. § 1B1.3.

In order for an individual to be classified as a career offender, he or she must be at least eighteen at the time of the instant offense, the offense of conviction must be a felony crime of violence or a felony controlled substance offense, and the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense.  *See* U.S.S.G. § 4B1.1(b).  Based on the presentence investigation report, Brown qualified a career offender because of the following convictions: (1) distribution of crack cocaine in 1996; (2) distribution of crack cocaine, 2nd offense in 1999; and (3) possession with intent to distribute crack cocaine in 2008.  (PSR ¶ 25, 31, 33.)  On September 24, 2013, a single-count Indictment was filed with the District Court of the United States for the District of South Carolina against Brown.  (PSR ¶ 1.)  On August 28, 2014, Brown pled guilty to the lesser-included offense contained in Count I, charging that beginning around 1995, and up to the date of the Indictment, Brown knowingly and willfully did combine, conspire, and agree with his co-defendants and others to knowingly, willfully and unlawfully possess with intent to distribute and to distribute a

14

quantity of cocaine in violation of 21 U.S.C. § 846.  (Plea Agreement 1, Sen. Tr. 25-26.)

Brown asserts that these three prior convictions were part of the instant offense and as a result, satisfied the requirements of relevant conduct and should not have been used as predicate offenses to qualify as a career offender. Application Note 1 under U.S.S.G. § 4A1.2 states:

> *Prior Sentence.*—"*Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense.  See §4A1.2(a).  A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.  Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct).*

U.S.S.G. § 4A1.2, app. n. 1.  As a result, U.S.S.G. § 4A1.2(a)(1) precludes any prior sentence previously imposed for conduct that is "part of the instant offense" to be counted as a predicate offense for application of the career offender enhancement.  According to U.S.S.G. § 1B1.3(a), relevant conduct is conduct that was part of the same course of conduct or common scheme or plan as the present offense.  In cases involving drugs, relevant conduct "often includes a broader range of conduct than the conduct underlying the offense of conviction" because it consists of "all acts and omissions that were part of the same course of conduct or

common scheme or plan as the offense of conviction." *United States v. Young,* 609 F.3d 348, 358 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.3(a)(2)).

Brown's three prior drug convictions were relevant conduct to the instant offense and should not have been used to enhance his sentence. His indictment states that the offense conduct for the present case began in 1995, the same year as his first predicate offense. (PSR ¶ 1, 25.) Additionally, all of these offenses involve the possession with intent to distribute cocaine and crack cocaine. (PSR ¶ 25, 31, 33.) Clearly, these prior convictions were "relevant to the instant offense" under U.S.S.G. § 1B1.3(a). However, Brown did not raise this argument in the district court. In fact, even if Brown had raised this issue and prevailed, it would have had no impact on his sentence. Brown had already entered into a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and agreed to a stipulated sentence of 108 months prior to his sentencing hearing. (Plea Agreement 6.) Furthermore, in his Plea Agreement, Brown waived his right to appeal his sentence. (*Id.*) As a result, this argument is waived in this Court.

## III.    Brown questions the reasonableness of the sentence imposed by the district court.

This Court reviews the validity of a sentence by considering the procedural and substantial reasonableness of the sentence imposed. *Gall v. United States*, 552 U.S. 38, 41 (2007). Under *United States v. Booker*, 543 U.S. 220, 260-01 (2005), a

sentencing court is no longer bound by the sentence range prescribed by the United States Sentencing Guidelines. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). A sentence is unreasonable if based on an error in construing or applying the Sentencing Guidelines. *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). The Court of Appeals reviews an application of the Sentencing Guidelines by the district court for clear error in factual matters and legal conclusions are reviewed *de novo*. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002).

### A.    Brown's sentence was procedurally reasonable.

"Procedural reasonableness evaluates the method used to determine a defendant's sentence." *United States v. Mendoza-Mendoza,* 597 F.3d 212, 216 (4th Cir. 2010). This Court reviews the procedural reasonableness to ensure that the district court

> committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) . . . factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Lynn,* 592 F.3d 572, 575 (4th Cir. 2010) (quoting *Gall,* 552 U.S. at 51). First, the court must correctly calculate the appropriate advisory guidelines range. *Gall*, 552 U.S. at 49 (*citing Rita v. United States*, 551 U.S. 338 (2007)).

17

Then, the court must consider that range in conjunction with the § 3553(a) factors.

*Id.* 18 U.S.C. § 3553(a) requires a trial court to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed—

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

In light of these factors, the district court must look to the facts presented in each case to make an individualized assessment. *Gall,* 552 U.S. at 50. The sentencing

18

court also "must adequately explain the chosen sentence to allow for meaningful appellate review. . . ." *Id.* This court has determined that while imposing a sentence, a district court must conduct an "individualized assessment" of the particular facts of the case, whether it imposes a sentence above, below, or within the guidelines range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). In *Carter,* the court reasoned that "[t]his individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." *Id.* (internal quotation marks and citation omitted).

The sentence in this case did not exceed the maximum allowed by Guidelines or statutory law, nor did the period of supervised release exceed the guideline or statutory maximum. The district court correctly determined the applicable sentencing range under the Guidelines and decided to sentence Brown in its discretion, after considering the Guidelines and the factors in 18 U.S.C. § 3553(a), to a term of imprisonment below the properly calculated range. (Sen. Tr. 6-7.) The district court correctly calculated the Guidelines range as 151 to 188 months given Brown's criminal history category of VI and total offense level of 29. (Sen. Tr. 3-4.); *see* U.S.S.G. Ch. 5, Pt. A. Specifically, Brown received a 108-month sentence. (Sen. Tr. 7.) This sentence was stipulated in Brown's plea agreement and is below the Guidelines range. (Plea Agreement 6.) The district

19

court also considered the § 3553(a) factors, and adequately explained the reasoning for the sentence imposed. (Sen. Tr. 6-7.)

Therefore, based on the record, it appears that the district court imposed a procedurally reasonable sentence since it fell within the applicable Guidelines range. *See* U.S.S.G. Ch. 5, Pt. A.

### B.    Brown's sentence was substantively reasonable.

If a procedural error is not found, the appellate court reviews the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Morace,* 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted). "[A]fter calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the Guideline departure provisions *or* on other factors so long as it provides adequate justification for the deviation." *United States v. Evans,* 526 F.3d 155, 164 (4th Cir. 2008). Further, "[w]here [the parties] present[] nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *Carter*, 564 F.3d at 328 (internal quotation marks and citation omitted). There is an appellate presumption of reasonableness to a sentence imposed within the properly calculated Guidelines

range. *United States v. Abu Ali,* 528 F.3d 210, 261 (4th Cir. 2008), *cert. denied,* 555 U.S. 1170 (2009). Even if the appeals court would have imposed a different sentence, this fact alone will not justify a reversal of the district court. *Gall,* 552 U.S. at 51. Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda,* 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

The district court appears to have correctly determined that Brown's total offense level of 29 and criminal history category of IV fell within the advisory Guidelines range of 151 to 188 months. (Sen. Tr. 3-4.); *see* U.S.S.G. Ch. 5, Pt. A. In fact, because of the stipulated sentence in his plea agreement, Brown received a sentence of 108-months, which is below the advisory Guidelines range. (Sen. Tr. 6-7.) Therefore, it does not appear that the district court imposed a substantively unreasonable sentence.

## CONCLUSION

In accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967), appointed counsel has reviewed the record, the facts and legal issues of this case. It is counsel's opinion that there are no legal or factual issues that were not properly raised and disposed of by the district court, and there are no meritorious grounds for an appeal in this case to this Court of Appeals. A copy of this brief has

been served upon the appellant, Kevin Brown.  Consistent with the holding of *Anders*, the undersigned respectfully requests this court to review the entire record and all pertinent documents to determine whether there is any other issue for presentation to this Court that is not frivolous and has merit for appellate review.

Respectfully Submitted,

By: /s/ Amy K. Raffaldt
Attorney for Appellant

Amy K. Raffaldt
The Mace Firm
1341 44th Avenue North
Suite 205
Myrtle Beach, SC 29577
(843) 839-2900

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE
## AND LENGTH LIMITATIONS

1.      This brief has been prepared using:

                  Microsoft Word, Fourteen point, Times New Roman

2.      EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations, and the certificate of service, the brief contains:

                  4,867 Words

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line printout.

June 11, 2015

                                    s/Amy K. Raffaldt_____
                                    Amy K. Raffaldt, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that the required copies of the foregoing Opening Brief of Appellant were filed with the Clerk of the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing, this 11th day of June, 2015 to:

Arthur Bradley Parham
Assistant United States Attorney
Office of the United States Attorney
Room 222
P.O. Box 1567
Florence, SC 29501
Brad.parham@usdoj.gov

s/Amy K. Raffaldt_____
Amy K. Raffaldt, Esq.
